IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SAUNDERS FRANKLIN, | ) |
|     Petitioner, | )    Case No. 7:22-cv-00165 |
| v. | ) |
| | )    By: Michael F. Urbanski |
| LATRIS JACKSON, | )    Chief United States District Judge |
|     Respondent. | ) |

## MEMORANDUM OPINION

Saunders Franklin, a Virginia pretrial detainee proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he asserts claims of ineffective assistance of counsel. For the reasons set forth below, the petition is **DISMISSED** without prejudice.

### I.     BACKGROUND

According to the petition, Saunders is currently awaiting trial on charges brought against him in the Circuit Court for the City of Lynchburg. Pet., ECF No. 1, at 1–2. Saunders states that he is seeking to challenge "[t]he way Latris Jackson handled [his] case." Id. at 2. He alleges that Jackson was originally appointed to represent him on misdemeanor charges and that he has since been charged with failure to appear because Jackson did not inform him of his court date. Id. at 6. Saunders further alleges that Jackson attempted to coerce him to plead guilty to offenses that he did not commit and that he tried to contact Jackson for two weeks without success. Id. at 6–7. After Saunders "dismissed" Jackson, the Circuit Court appointed another attorney to represent him. Id. at 7.

In his request for relief, Saunders states that he "would like Latris Jackson to pay [him] $1,000 a day for [his] incarceration." Id. at 8. He also wants Jackson to pay for counseling and to reimburse him for personal property that he lost as a result of being incarcerated. Id.

## II.   DISCUSSION

The United States Court of Appeals for the Fourth Circuit has recognized that a state pretrial detainee can file a petition for writ of habeas corpus under 28 U.S.C. § 2241. See United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (citing Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)). However, a petitioner is generally required to exhaust state court remedies before seeking federal habeas relief. Dickerson, 816 F.2d at 229; see also Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005) ("A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies."). "Although the text of § 2241 imposes no exhaustion requirement on petitioners seeking pretrial federal habeas relief, courts have grafted an exhaustion requirement onto § 2241, which is 'judicially crafted on federalism grounds in order to protect the state court's opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.'" Hartfield v. Osborne, 808 F.3d 1066, 1073 (5th Cir. 2015) (quoting Dickerson, 816 F.2d at 225).

In this case, Franklin acknowledges that he has not "filed any other petition, application, or motion about the issues raised in [his] petition." Pet. at 6. Consequently, it is clear from the petition that his claims of ineffective assistance are unexhausted. Franklin does not suggest that he "has no adequate remedy such that exhaustion would be futile." Wilson, 430 F.3d at 1118. Nor does he identify any "extraordinary circumstances" that would allow

him to assert his claims of ineffective assistance without first exhausting available state court remedies. See Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975) (explaining that a federal court should not exercise habeas jurisdiction at the pretrial stage in the absence of exhaustion "unless extraordinary circumstances are present"). Therefore, the court concludes that his petition must be dismissed without prejudice for failure to exhaust.[*]

Because "the detention complained of arises out of process issued by a State court," Franklin is required to obtain a certificate of appealability in order to appeal the dismissal of his § 2241 petition. 28 U.S.C. § 2253(c)(1)(A). When a district court dismisses a habeas petition on procedural grounds, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Because Franklin has not met this standard, the court declines to issue a certificate of appealability.

### III. CONCLUSION

For the reasons stated herein, the court **DISMISSES** Franklin's petition without prejudice for failure to exhaust state court remedies. The court declines to issue a certificate of appealability. An appropriate order will be entered herewith.

---

[*] To the extent Franklin seeks to recover monetary damages, "such relief is not available under § 2241." McKinney-Bey v. Attorney General, 69 F. App'x 113, 113 (4th Cir. 2003).

Entered: May 2, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.05.02 15:06:21
-04'00'

Michael F. Urbanski
Chief United States District Judge

4